Luthman

v.

Government Employees Ins. Co. et al.

October 16, 1996

Case No. L149020

BY JUDGE LESLIE M. ALDEN

This matter came before me on September 27, 1996, on Plaintiff's Motion to Compel. The Court took under advisement the plaintiff's document production requests. In this case, Plaintiff Luthman claims that, among other things, Defendants Government Employees Insurance Company (GEICO) and Twin Cities Insurance Company, a.k.a. ITT Hartford Insurance Group (ITT), have in bad faith refused to pay her following a final judgment rendered by the Supreme Court of Virginia in favor of the plaintiff (*Luthman v. Herbert*, Law 99323).

The plaintiff seeks discovery of the defendants' insurance files, including documents to be used by the defendants at trial, documents relating to the insurance policies at issue, and documents concerning the Supreme Court's decision in the underlying case. GEICO has objected to the discovery primarily on the ground that many of these documents are protected as work product and by the attorney-client privilege. Despite GEICO's claim of privilege, GEICO has not produced an index or description of the things not produced to enable a document-by-document assessment of the applicability of the protections.

The general rule governing discovery of work product is contained in Rule 4:1(b)(3):

> *Trial Preparation: Materials.* — Subject to the provisions of subdivision (b)(4) of this Rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this Rule and prepared in anticipation of

litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

This rule protects attorney work product prepared in anticipation of litigation. However, work product is discoverable upon a showing of "substantial need" and that no "substantial equivalent of the materials" is available. When such a showing has been made, a court must still avoid "disclosure of the mental impressions, conclusions, opinions, or legal theories" of a party's attorney or representative.

The facts here are similar to those in *Hartman v. Banks*, 164 F.R.D. 167 (E.D. Pa. 1995). In *Hartman,* the plaintiff sought defendant insurer's claims file in support of her claims for Intentional Infliction of Emotional Distress by the insurer, who purportedly attempted to coerce the plaintiff into an inadequate settlement. The *Hartman* court noted the difference between "ordinary work product" and "opinion work product." *Id.* at 169. The court stated that although opinion work product is usually not discoverable, there is an exception when "the opinions of an attorney or his agent are themselves at issue." *Id.* at 170 (citing Wright & Miller, Federal Practice and Procedure, § 2026 (supp. 1994)). The *Hartman* court held that because the plaintiff's claim depended on the defendants' mental state, opinion work product was discoverable.

The *Hartman* court relied on *Reavis v. Metropolitan Property & Liability Ins. Co.*, 117 F.R.D. 160 (S.D. Cal. 1987). In *Reavis*, the plaintiff sued the defendant insurance company for acting in bad faith in handling the plaintiff's insurance claim. The insurer there opposed discovery on the grounds of work product and attorney-client privilege. However, the court observed that while mental impressions and opinions are generally entitled to greater protection than ordinary work product, such protection is not unlimited when the "strategy, mental impressions, and opinion of [those] handling . . . the claim are directly at issue." 117 F.R.D. at 164. The court held that such documents were "relevant" to the bad faith issue and that

there was "not only [a] substantial but overwhelming" need for the plaintiff to view the documents. 117 F.R.D. at 164.

I find the reasoning in *Hartman* and *Reavis* to be persuasive. This too is a case where the opinions and impressions of the defendants' agents and attorneys are directly at issue in determining whether the defendants acted in bad faith. Therefore, GEICO's assertion of work product in opposition to the document production requests is rejected.

In addition, I find that because GEICO asserts as a defense to this claim the advice of counsel, the information sought pertaining to the attorneys' mental impressions and opinions is no longer protected by the attorney-client privilege and is therefore discoverable.

For the reasons stated above, the Motion to Compel is granted in part and denied in part as follows:

Document Production Request # 1 — Granted, as no objection was stated to this request.

Document Production Request # 2 — Denied, as the request is overbroad as to time.

Document Production Request # 3 — Granted.

Document Production Request # 4 — Denied, as overbroad as to time.

Document Production Request # 5 — Granted.

Document Production Request # 6 — Granted.

Document Production Request # 7 — Denied, as GEICO was not directly ordered to comply with the Supreme Court's Order.

Document Production Request # 8 — Granted regarding documents created on or before January 16, 1996.

Document Production Request # 9 — Granted regarding documents created on or before January 16, 1996.

Document Production Request # 10 — Granted regarding documents created on or before January 16, 1996.